E. Howard Ringrose, J.
Upon the complaint of the attendance supervisor of Rome schools that the aforesaid infant was ‘ ‘ illegally absent from Rome Junior High School five whole days between Sept. 9, 1955 to Jan. 31, 1956 ”, she was found by the Children’s Court of Oneida County to be delinquent and was placed on probation until the further order of the court. From the above determination the petitioner has appealed and moves on behalf of the infant pursuant to section 527 of the Code of Criminal Procedure for a certificate of reasonable doubt.
The respondent relies upon the memorandum decision in Matter of Giroffi (283 App. Div. 890) to defeat the motion. In a similar application in a like proceeding the court held: “ An adjudication of juvenile delinquency is not a criminal conviction. (Children’s Court Act, § 45; L. 1922, ch. 547; People v. Lewis, 260 N. Y. 171.) Consequently, there is no authority for the issuance of a certificate of reasonable doubt. (Cf. People v. Lewis, supra.) ” In denying the motion on jurisdictional grounds the court held: ‘ ‘ If it be assumed, however, that such a certificate may be issued on an appeal of this nature, this court is not authorized to issue it. (Cf. Code Crim. Pro., §§ 527, 529.) ”
Section 45 of the Children’s Court Act makes applicable to Children’s Court all statutes and laws, including the provisions of the Penal Law or Code of Criminal Procedure not inconsistent with or repugnant to the provisions of the Children’s Court Act. Section 527 of the Code of Criminal Procedure permits the issuance of a certificate of reasonable doubt under the conditions specified where there is pending an appeal to the Appellate Division of the Supreme Court from a judgment of conviction or other determination.
The reference in the section to an appeal from a judgment of conviction or other determination might well be construed to include a determination by the Children’s Court, except that section 529 of the Code of Criminal Procedure unequivocally limits the jurisdiction of the court to grant the certificate to those cases where an appeal is pending from a conviction of a felony or misdemeanor. It necessarily follows that the application should be denied.
Ordered accordingly.